UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MASSENGALE,<br><br>           Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF DETENTIONAL FACILITY,<br><br>           Defendant. | Case No.: 1:24-cv-00010-SKO<br><br>**ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. 3) |

Plaintiff Kevin Massengale is former detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

Plaintiff initiated this action with the filing of a complaint in the United States District Court for the Central District of California on December 19, 2023. (Doc. 1.) That same date, Plaintiff submitted a completed and signed "Request to Proceed In Forma Pauperis with Declaration in Support" form used in the that district. (Doc. 3.)

On January 3, 2024, the action was transferred to this Court because venue is proper in the Eastern District of California given Plaintiff's allegations involving acts that occurred in Kern County. (Doc. 6.)

//

## II. DISCUSSION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

"Unlike other indigent litigants, prisoners proceeding *in forma pauperis* must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

However, persons who file suit after having been released from custody are no longer "prisoners" as defined by the PLRA and are therefore not subject to 28 U.S.C. § 1915(b), 42 U.S.C. § 1997e(a)'s pre-suit administrative exhaustion requirements, or 28 U.S.C. § 1915(g)'s "three-strikes" provision. *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Law, while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, [ ] ceased being a 'prisoner' when he was released from the custody of the Department of Corrections"); *Jackson v. Fong*, 870 F.3d 928, 934-35 (9th Cir. 2017) (former prisoner incarcerated when he filed his civil rights action but released by the time he filed an amended complaint was not subject to the PLRA's exhaustion requirement); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) (noting

---

[1] The required fee includes a $350 filing fee and a $55 administrative fee, as of December 1, 2023.

that § 1915(g)'s three-strikes rule does not apply to a civil action of appeal filed after former prisoner was released on parole).

Plaintiff does not appear to have been a "prisoner" as defined by the PLRA at the time he filed this action. A review of the complaint reveals Plaintiff was detained at the Kern County Detention Facility on August 31, 2023, and his claims arose from that detention. (*See* Doc. 1 at 7.) However, when Plaintiff filed his complaint and application to proceed *in forma pauperis* ("IFP") on December 19, 2023, it appears he is no longer in custody because he provides a residential address in Victorville, California, on the face of his complaint. (*See* Doc. 1 at 1; see also Doc. 3 at 3 [indicating his IFP application was completed on 12/17/23 in Los Angeles County].) Therefore, neither the filing fee provisions of 28 U.S.C. § 1915(b), nor § 1915(g)'s "three strikes" bar apply to this case. *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) ("[T]he scope of § 1915 is narrowed to plaintiffs who are in custody as the result of a conviction or who have been detained for an alleged criminal law violation").

The Court has also reviewed Plaintiff's request to proceed IFP, which includes current information concerning assets, as it would for any other non-prisoner litigant seeking IFP status. Plaintiff is presently unemployed and states he was last employed in April 2023. (Doc. 3 at 1.) He has not received any money from the following sources within the past twelve months: business, profession or form of self-employment; rent payments, interests or dividends; pensions, annuities or life insurance payments; gifts or inheritances; any other income; or loans. (*Id*.) Plaintiff states he does not own any cash and does not have money in a checking or savings account. (*Id*. at 2.) He does not own any real estate, stocks, bonds, notes, automobiles, or other valuable property. (*Id*.) Plaintiff also indicates his son and daughter depend on him for support. (*Id*.) The Court finds the application sufficient to show that Plaintiff is unable to pay the required $405 filing fee and will grant the request to proceed IFP.

//
//
//
//

### III.   CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's request to proceed IFP (Doc. 3) is **GRANTED**.

IT IS SO ORDERED.

Dated:   **January 4, 2024**                          /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE