UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MASSENGALE,<br><br>                    Plaintiff,<br><br>        v.<br><br>KERN COUNTY SHERIFF<br>DETENTIONAL FACILITY,<br><br>                    Defendant. | Case No.: 1:24-cv-00010-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM FOLLOWING SCREENING OF THE SECOND AMENDED COMPLAINT**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Kevin Massengale, a former county jail inmate, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.    BACKGROUND

On March 19, 2024, this Court issued its First Screening Order. (Doc. 11.) The Court determined Plaintiff's complaint violated Rule 9 of the Federal Rules of Civil Procedure and failed to state a claim upon which relief could be granted. (*Id*. at 4-9.) Plaintiff was provided with potentially applicable legal standards and granted leave to file a first amended complaint. (*Id*. at 9-13.)

On April 8, 2024, Plaintiff filed his first amended complaint. (Doc. 12.)

//

//

On April 11, 2025, the Court issued its Second Screening Order. (Doc. 13.) The Court construed Plaintiff's amended complaint to assert a *Monell*[1] claim, claims arising under 18 U.S.C. section 241, 42 U.S.C. section 1985 and 1986, a First Amendment free exercise claim, a Thirteenth Amendment claim, a Fourteenth Amendment pretrial detainee conditions of confinement claim, and a Racketeer Influenced and Corrupt Organizations Act (RICO) claim, and determined Plaintiff failed to state a claim upon which relief could be granted. (*Id.* at 6-16.) Plaintiff was granted one final opportunity to amend his complaint to cure the deficiencies identified in the Court's screening order. (*Id*. at 16-17.)  On April 29, 2025, Plaintiff filed a second amended complaint. (Doc. 14.)

As explained below, the undersigned will recommend this action be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.

## II.    SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.    PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

---

[1] *Monell v. Department of Social Services of City of New York*, 436 15 U.S. 658 (1978).

2

quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

3

### C. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. Cnty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  Accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the

4

involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### IV. DISCUSSION

#### A. Plaintiff's Second Amended Complaint

In the caption of his second amended complaint, Plaintiff names "DONNY YOUNGBLOOD (in his official capacity)" and "KERN COUNTY SHERIFF DEPARTMENT DETENTION FACILITY" as Defendants in this action. (Doc. 14.) Under the heading "THE FOLLOWING IS A COMPLAINT FOR," Plaintiff identifies the following claims: 42 U.S.C. section 1983, "False Imprisonment," "Intentional Infliction of Emotional Distress," Fifth Amendment due process and double jeopardy violations, and an Eighth Amendment cruel and unusual punishment violation. (*Id*. at 1-2.) Plaintiff states he "brings this action against Defendants for unlawful imprisonment, punitive confinement, deprivation of basic human necessities, and repeated violations of constitutional protected rights under color of law." (*Id*. at 2.)

Plaintiff seeks "One million lawful dollars for each day Falsely Imprisoned which includes: compensatory damages for unlawful imprisonment, pain, and suffering; Punitive damages for malicious and reckless conduct; Injunctive relief barring future unlawful harassment; and Eighth Amendment neglect" in relief. (Doc. 14 at 7.) Plaintiff concludes that his "complaint sufficiently pleads a RICO Violation, with 1983 claims under Monell liability and Ninth Circuit Precedents. The Court should proceed because: A custom/practice of rights violations exists (Christie); Deliberate indifference is shown (Long); County policies caused harm (Monell). The Court must allow this claim to proceed." (*Id*. at 8.)  He attaches a September 9, 2023, Kern County Sheriff's Department Detention Facilities Inmate Grievance Form, identifying "Food Service" as the issue (*id*. at 9), an Answer to Inmate Grievance dated September 12, 2023 (*id*. at 10), and another Inmate Grievance Form dated September 27, 2023 (*id*. at 11).

#### B. Plaintiff's Factual Allegations

Under the heading "FACTUAL ALLEGATIONS," Plaintiff listed the following bullet

points:[2]

> False Imprisonment & Abuse of Power
> Plaintiff was unlawfully detained … under false pretenses …
> Defendants … imprison[ed] Plaintiff for a debt already satisfied in 2006 …
> Holding Plaintiff 28 days without valid cause … "kidnapping" …
> Punitive Confinement & Eighth Amendment violations
> Plaintiff was subjected to 28 days of deprivation of adequate food …
> Denying Plaintiff a religious diet …
> Double Jeopardy (Fifth Amendment Violation)
> Plaintiff was retried for the same case after serving time in 2006 …
> Municipal Liability … [*Prather*/*Monell*/*Christie*]
> Repeated unlawful transports
> Denial of religious meals (Eighth Amendment violation)
> Detention beyond lawful authority (28 days without justification)
> These are not isolated incident but reflect a pattern …
> Kidnapping & Transport for Profit
> Plaintiff was shackled and transported five times between facilities …
> RICO Violations
> The County, Court, and Sheriff's Office constitute RICO "enterprise" …
> RICO and Criminal Statute Claims …
> Due Process (5th Amendment)
> Freedom from Cruel and Unusual Punishment (8th Amendment)
> Protection from Double Jeopardy (5th Amendment)
> False Imprisonment
> Confinement without legal justification and beyond lawful authority
> Intentional Infliction of Emotional Distress
> Defendants' conduct was extreme and outrageous …
> Eighth Amendment Violation
> Deliberate indifference to Plaintiff's dietary and health needs
> No Training: Jail staff ignored his religious dietary needs
> No Safeguards: Allowed repeated unlawful transports (Double Jeopardy)
> Thompson, 563 U.S. 51 (2011)
> Plaintiff's claims align with Long v. Cty of Los Angeles …
> Repeated prosecutorial harassment for the same case

(Doc. 14 at 2-6.) Under a heading titled "Legal Standards," Plaintiff writes: "The Court wrongly demands 'magic words' (e.g., 'policy') while ignoring substance …." (*Id*. at 6.)

### V.   DISCUSSION

As an initial matter, the undersigned notes that despite providing Plaintiff with numerous potential legal standards and explaining that he must provide sufficient factual specificity to state a claim, Plaintiff again fails to state any claim upon which relief can be granted.

---

[2] The Court provides a summary of Plaintiff's points rather than a verbatim recitation.

6

In its First Screening Order, the Court advised Plaintiff his original complaint violated Rule 8 because it lacked "sufficient factual detail and fail[ed] to give 'fair notice of what the plaintiff's claim is and the grounds upon which is rests.'" (Doc. 11 at 6.) The Court explained the requirements for asserting a section 1983 claim against a municipality, (*id*. at 6-7), and provided other information pertinent to his claims. (*Id*. at 7-9). The Court also provided numerous legal standards that may be applicable to the claims Plaintiff sought to assert. (*Id*. at 9-12).

In its Second Screening Order, the Court was more explicit regarding the deficiencies identified in the first amended complaint. (*See* Doc. 13.) In concluding that Plaintiff failed to state a claim upon which relief could be granted, the Court construed the first amended complaint to assert the following: *Monell* (*id*. at 6-7), 18 U.S.C. section 241 (*id*. at 7-8), 42 U.S.C. section 1986 (*id*. at 8-11), the First Amendment free exercise clause (*id*. at 11-13), the Thirteenth Amendment (*id*. at 13-14), Fourteenth Amendment pretrial detainee conditions of confinement (*id*. at 14-15), and RICO (*id*. at 15-16).

For each claim, the Court identified the deficiencies and advised Plaintiff that he could file a second amended complaint as to those claims in which the deficiency could be cured or advised Plaintiff that a particular claim could not be asserted in this action and thus amendment was futile. For example, regarding the Fourteenth Amendment pretrial detainee conditions of confinement claim, Plaintiff was specifically advised regarding the elements of such a claim, (Doc. 13 at 15), and was further advised as follows:

> While Plaintiff generally asserts he was shackled and transported improperly, his factual allegations are insufficient to state a claim. Plaintiff will be afforded another opportunity to amend his complaint. Plaintiff should include factual allegations demonstrating all four elements referenced in the *Castro* quote above. Plaintiff must also state who took any unconstitutional action against him; vague and conclusory references like "they," "them" "person," "corporation," and "defendant" are insufficient.

(*Id.*) Despite these advisements, in his second amended complaint, Plaintiff fails to allege factual allegations demonstrating the required elements have been met. (*See* Doc. 14 at 2-6.) Plaintiff also uses the vague term "Defendants" and does not identify any specific actor. (*Id*.) Plaintiff was also provided the requirements for stating a claim under the free exercise clause (Doc. 13 at 12)

7

and was advised as follows:

> Here, while Plaintiff makes passing reference to his "religious beliefs" and his need for a religious diet, his factual allegations are insufficient to state a claim. Plaintiff will be afforded one final opportunity to amend his complaint. Plaintiff should include factual allegations demonstrating how his sincerely held religious beliefs were substantially burdened and further demonstrating that the actions taken by any defendant were not rationally related to legitimate penological interests. Plaintiff must also state who took any alleged unconstitutional action against him. Plaintiff may not simply state "they" or "defendants" failed to take some required action. As explained in the Court's prior screening order, short plain statements are required to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (*See* Doc. 11 at 2 [III. Pleading Requirements].) Stated another way, any amended complaint must comply with Rule 8 by clearly and succinctly stating what happened, when it happened, and how each defendant was involved. The Court is skeptical that Donny Youngblood, the Kern County Sheriff and the only person named in Plaintiff's first amended complaint, was involved but will permit Plaintiff to cure the deficiencies identified, assuming he can do so in good faith.

(*Id*. at 12-13.) Plaintiff's second amended complaint fails to adequately demonstrate how his sincerely held religious beliefs were substantially burdened, or how any defendant's actions were not rationally related to a legitimate penological interest. As to the latter, in an attachment to his complaint, "Trinity Mgr. S. Najera" indicates that in response to Plaintiff's grievance (stating he could not "consume meat, soy, milk, eggs or cheese"), the facility "followed up with medical to confirm [his] Diet allergy" but that the facility was advised Plaintiff was "to receive a no beans allergy diet only." (*See id*. at 14.) The facility's response reflects that the action was rationally related to a legitimate penologist interest.

In sum, Plaintiff's purported factual allegations are replete with legal conclusions[3] which the Court is not required to accept. *Iqbal*, 556 U.S. at 678. Plaintiff fails to provide "a short and plain statement of the claims showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). As pled, Plaintiff's second amended complaint does not "give [any] defendant fair notice of what the

---

[3] For example: "False Imprisonment & Abuse of Power," "Plaintiff was unlawfully detained by Kern County Sheriff's Department under false pretenses, without provable cause, and in collusion with the Mojave Court," "Punitive Confinement & Eighth Amendment Violations," "Denying Plaintiff a religious diet constitutes cruel and unusual punishment under Estelle … Holt … mandates accommodations for faith-based needs," and "Kern County is liable for systemic misconduct," and "Repeated unlawful transports ('five different occasions') for profit." (Doc. 14 at 2-5.)

plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. And throughout the second amended complaint, Plaintiff fails to show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered. *Rizzo*, 423 U.S. at 373-75; *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation"). Plaintiff also fails to indicate which defendant(s) committed which alleged violation(s).

### *State Law Claims*

Plaintiff appears to assert state law claims in his second amended complaint. For example, he references false imprisonment[4] and intentional infliction of emotional distress[5]. He again offers nothing more than legal conclusions or "[t]hreadbare recitals of the elements" of the claim in the absence of sufficient facts (e.g., "Defendants' conduct was extreme and outrageous, causing severe mental suffering" [Doc. 14 at 5]). *Iqbal*, 556 U.S. at 678; *Swierkiewicz*, 534 U.S. at 512.

Plaintiff also fails to allege compliance with the California Government Claims Act. Under the Act, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims

[4] The elements "'of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'" *Young v. County of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011) (quoting *Easton v. Sutter Coast Hospital*, 80 Cal.App.4th 485, 496 (Ct. App. 2000)).

[5] To state a claim for intentional infliction of emotional distress under California law, a plaintiff must allege "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (quoting *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009)). The conduct must be "so extreme and outrageous as to go beyond all possible [bounds] of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Butler v. Rueter*, No. 2:22-cv-01301 KJN P, 2023 WL 1991591, at *6 (E.D. Cal. Feb. 14, 2023) (quoting *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1607 (2009)).

Board within six months of accrual of the action. Cal. Govt. Code §§ 905, 911.2(a), 945.4 & 950.2; *see also Klein v. City of Laguna Beach*, 533 Fed. Appx. 772, 774 (9th Cir. 2013) (dismissing claims for failure to comply with the California Government Claims Act). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004).

### *Claims That Should Be Raised in a Habeas Corpus Petition*

To the extent Plaintiff's false imprisonment claim is alleged not as a separate state law claim, but rather arising under section 1983, it cannot proceed in this action.

"[W]hen a state prisoner is challenging the very fact or duration of physical imprisonment, and the relief [the prisoner] seeks is a determination that is entitled to immediate release or a speedier release from that imprisonment, sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that an injunctive relief action to restore the revocation of good-time credits is not cognizable under § 1983); *see also Skinner v. Switzer*, 562 U.S. 521, 525 (2011); *Simpson v. Thomas*, 528 F.3d 685, 692-93 (9th Cir. 2008); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003); *Bogovich v. Sandoval*, 189 F.3d 999, 1002-03 (9th Cir. 1999) (applying rule to ADA claim); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).

Where the section 1983 action would necessarily imply the invalidity of the conviction or sentence, it may not proceed. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (concluding that § 1983 claim was not cognizable because allegation of procedural defect – a biased hearing officer – would result in an automatic reversal of the prison disciplinary sanction); *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994) (concluding that § 1983 claim was not cognizable because allegations were akin to malicious prosecution claim which includes as an element that the criminal proceeding was concluded in plaintiff's favor); *Szajer v. City of Los Angeles*, 632 F.3d 607, 611-12 (9th Cir. 2011) (concluding that Fourth Amendment unlawful search claim was not cognizable because a finding that there was no probable cause for the search would necessarily imply the invalidity of plaintiffs' conviction for felony possession of a pistol);

*Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (concluding that claims for false arrest and false imprisonment were not cognizable because a finding that there was no probable cause to arrest plaintiff for disturbing the peace would necessarily imply that plaintiff's conviction for disturbing the peace was invalid).

Plaintiff's claim that he was falsely imprisoned beyond his earlier criminal sentence necessarily challenges Plaintiff's sentence and resulting 28-day detention, and bars the complaint from moving forward because of the "favorable termination" rule derived from *Heck*, regardless of the remedy sought. *Cabrera*, 159 F.3d 374, 380; *Balisok*, 520 U.S. 641, 646-48; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Accordingly, Plaintiff cannot state a claim for false imprisonment by way of section 1983.

### *Granting Further Leave to Amend Would Be Futile*

Despite two earlier screening orders addressing the deficiencies of Plaintiff's claims, Plaintiff incorrectly alleges the Court "wrongly demands 'magic words'" and ignores the substance of his claims. (*See* Doc. 14 at 6.) Plaintiff has failed to meet the applicable pleading requirements and at every opportunity has failed to provide sufficient detail to move beyond screening.

Because Plaintiff's second amended complaint is deficient for the same reasons as those articulated in the Court's first and second screening orders, (Docs. 11 & 13), and Plaintiff has failed to remedy those deficiencies, Plaintiff cannot cure his pleadings and granting further leave to amend would be futile. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief).

### VI.     CONCLUSION AND RECOMMENDATION

Based upon the foregoing, this Court **HEREBY RECOMMENDS** Plaintiff's second

11

amended complaint (Doc. 14) be dismissed without leave to amend for a failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 12, 2026**                    /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE

12